**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 5, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KEENAN ANTHONY LAMIRAND,

      Defendant-Appellant.

No. 11-6033

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:03-CR-00133-D-1)**

---

Submitted on the briefs:

Chris Eulberg of Eulberg Law Offices, Oklahoma City, Oklahoma, for Defendant-Appellant.

Jonathon E. Boatman, Assistant United States Attorney (Sanford C. Coats, United States Attorney, and Andre B. Caldwell, Assistant United States Attorney, with him on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES,** Circuit Judge.[*]

---

     [*]    This matter was originally set on the oral argument calendar. On August 18, 2011, Mr. Lamirand submitted an unopposed motion to the Court to strike the scheduled oral argument. After examining the briefs and appellate record, this panel determined unanimously to honor the request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case was therefore submitted without oral argument.

**HOLMES**, Circuit Judge.

Defendant-Appellant Keenan Anthony Lamirand pleaded guilty to one count of possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to a term of imprisonment of twenty-four months, followed by five years of supervised release. After he served his sentence, he violated the terms of his supervised release, and, in 2010, the district court revoked his supervised release and sentenced him to thirty days in prison. In addition, the district court also imposed a new term of supervised release. After serving his revocation sentence, Mr. Lamirand violated the terms of supervised release for a second time, leading the court to again revoke his release and sentence him to an additional year and a day in prison. Mr. Lamirand now appeals, claiming that the district court lacked the statutory authority to imprison him for a period longer than his second term of supervised release. Exercising jurisdiction under 28 U.S.C. § 1291, we reject Mr. Lamirand's position and affirm his sentence.

## BACKGROUND

On August 6, 2003, Mr. Lamirand pleaded guilty to one count of possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to twenty-four months' imprisonment, to be followed by five years of supervised release.

In February of 2010, Mr. Lamirand admitted to violating the conditions of his supervised release. His supervised release was subsequently revoked, and he was sentenced to thirty days in prison, to be followed by a new six-month term of supervised release.

Shortly after his release from prison, Mr. Lamirand *again* violated the terms of his supervised release by, *inter alia*, stealing gasoline, possessing controlled substances (i.e., illegal drugs) with the intent to distribute, and associating with felons. The district court conducted a hearing regarding the alleged violations on January 31, 2011. There, Mr. Lamirand admitted to the violations and conceded that 18 U.S.C. § 3583(g) required revocation.[1] Mr. Lamirand argued, however, that the court could not imprison him upon revocation for more than six months—the length of the supervised-release term that he was then serving. His counsel explained:

> [M]y position is simple, that the Court cannot revoke that which was not imposed. This Court could have imposed a longer term of supervised release on the first revocation. It did not. When the Court revoked [Mr. Lamirand's] prior term of supervised release, that is gone. It's extinguished. The Court imposed a six-month term of supervised release and that's what he has admitted to violating. Our position is that the Court can order him to serve any or all of those six months.

---

[1] Section 3583(g) requires "[m]andatory revocation for possession of [a] controlled substance."

R., Vol. III, at 5 (Revocation Hr'g Tr., held Jan. 31, 2011).  In other words, his counsel argued that the district court could "revoke only what is there, which is six months."  *Id.* at 6.

The government, in contrast, argued that because Mr. Lamirand's underlying crime of conviction—the violation of 21 U.S.C. § 841(a)(1)—was a Class D felony, the district court was authorized to reimprison Mr. Lamirand for an aggregate of two years for any supervised-release violations.  Accordingly, the government reasoned that, in this instance, the district court had the authority to imprison Mr. Lamirand for up to twenty-three additional months (subtracting the one month of post-revocation imprisonment that Mr. Lamirand previously served).[2]  The district court ultimately agreed with the government.  Yet, it

---

[2]    We recently addressed the aggregation argument under § 3583(e)(3)—specifically, the argument that the statute entitles a defendant who has had multiple revocations to "credit for all . . . prior prison terms . . . served for violating supervised release orders."  *See United States v. Hernandez*, 655 F.3d 1193, 1195 (10th Cir. 2011).  Considering an April 2003 amendment to the supervised release statute, wherein Congress added the phrase "on any such revocation" to the part of § 3583(e)(3) dealing with limitations on the total amount of imprisonment that may be imposed upon revocation of supervised release, *see id.* at 1197 (citing amendments included in the PROTECT Act, Pub. L. No. 108-21, § 101, 117 Stat. 650, 650 (2003) (codified as amended at 18 U.S.C. § 3583(e)(3) (2006))), we concluded that the statute, as amended, "bring[s] to an end the aggregation [argument]" advanced by the defendant, *see id.* at 1196.  We note, however, that the district court's adoption of the government's "aggregation" argument was consistent with the state of the law then applicable.  *See United States v. Swenson*, 289 F.3d 676, 677 (10th Cir. 2002) (applying the version of § 3583(e)(3) in existence before the PROTECT Act amendments, and agreeing with other circuits that, under this version, "all revocation prison sentences relating to the same underlying class C or D felony offense should be aggregated in calculating the two-year statutory maximum allowed in [§] 3583(e)(3)").

elected to impose less than the maximum twenty-three additional months, instead imposing a prison term of twelve months and one day with no further supervised release. This timely appeal followed.

## STANDARD OF REVIEW

Generally, we review a revocation sentence imposed by the district court to determine if it is "reasoned and reasonable." *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011) (quoting *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005)) (internal quotation marks omitted). However, where, as here, the defendant challenges the district court's interpretation of a governing statute, we review that challenge de novo. *United States v. Begay*, 631 F.3d 1168, 1170 (10th Cir. 2011) ("We review the district court's interpretation of a statute de novo . . . .").

## DISCUSSION

We are called upon to resolve a very narrow question in this appeal: Whether the district court was statutorily authorized to impose a post-revocation term of imprisonment on Mr. Lamirand that exceeded the six-month term of supervised release that he was serving at the time of the admitted violations that led to the revocation. We answer the question in the affirmative.

The principal statute at issue is 18 U.S.C. § 3583(e)(3).[3] Under

§ 3583(e)(3), "when a person violates a condition of his or her supervised release,

the district court may revoke the term of supervised release and impose prison

time." *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004).

Specifically, the statute provides:

> (e) The court may . . . (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release *authorized by statute* for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release, *except that* a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, *more than 2 years in prison if such offense is a class C or D felony*, or more than one year in any other case . . . .

---

[3]     The record indicates that Mr. Lamirand's relevant offense conduct occurred in February 2003. We thus look to the version of § 3583(e)(3) that—as relevant to the narrow question in this appeal—applied at that time to Mr. Lamirand's offense. *See Johnson v. United States*, 529 U.S. 694, 697 n.1 (2000) (analyzing § 3583(e)(3) "at the time of [the defendant's] initial crime"); *see also United States v. Smith*, 354 F.3d 171, 173 (2d Cir. 2003) (applying *Johnson* and holding that defendant's "punishment for violating his supervised release should have been imposed under the version of the statute and Guidelines in effect at the time he committed the original offense and was first sentenced"). That version was codified in 2000. We do recognize that an amendment to § 3583(e) added language after 2000, but before February 2003. *See* Pub. L. No. 107-273, § 3007, 116 Stat. 1758, 1806 (2002) (codified as amended at 18 U.S.C. § 3583(e)(3) (2006)) (clarifying that restitution is a proper condition of supervised release). However, the language in § 3583(e)(3) relevant to this appeal was not altered by this amendment. Consequently, unless otherwise specified, all citations to § 3583(e)(3) are to the 2000 version of the United States Code.

18 U.S.C. § 3583(e)(3) (emphases added). Mr. Lamirand concedes that the district court was authorized to revoke his supervised-release term, but he maintains that "the term of imprisonment [imposed upon revocation] is limited to the length of the term of supervised release that had been imposed" on his first revocation—in this case, six months. Aplt. Opening Br. at 4.

Mr. Lamirand's argument challenges the district court's interpretation of § 3583(e)(3). In resolving it, we begin with the text of § 3583(e)(3). *See Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) (noting that "statutory interpretation . . . begins with the plain language of the statute"); *United States v. Sprenger*, 625 F.3d 1305, 1307 (10th Cir. 2010) ("[If] the terms of the statute are clear and unambiguous, the inquiry ends and we simply give effect to the plain language of the statute." (quoting *Toomer v. City Cab*, 443 F.3d 1191, 1194 (10th Cir. 2006)) (internal quotation marks omitted)); *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) ("Any exercise in statutory interpretation must begin with an examination of the plain language at issue."). And "given the clarity of that provision's language," our analysis "could end there." *Tapia v. United States*, 131 S. Ct. 2382, 2388 (2011) (analyzing a different statute that was clear on a plain reading).

Section 3583(e)(3) empowers the district court to imprison a defendant who violates his or her term of supervised release to "all or part of the term of supervised release *authorized by statute* for the offense that resulted in such term

of supervised release." 18 U.S.C. § 3583(e)(3) (emphasis added). By its very terms, § 3583(e)(3) provides that the scope of the possible term of post-revocation imprisonment is defined by *the statute* that authorizes the supervised-release term for the offense resulting in supervised release, and not by the actual court-imposed supervised-release term. In other words, as applicable here, under the plain meaning of § 3583(e)(3), it was *the statute* authorizing the supervised-release term that established the possible length of the post-revocation term of imprisonment that the district court could lawfully impose on Mr. Lamirand and not the court-imposed term of supervised release that he was serving at the time of revocation.

The statute authorizing supervised-release terms is subsection (b) of § 3583. It defines, unless otherwise provided by statute, "the authorized terms of supervised release" for various grades of offenses.[4] 18 U.S.C. § 3583(b)(1)–(3). Therefore, subsection (b) constitutes an essential and necessary guidepost that defines the scope of possible post-revocation terms of imprisonment. However,

---

[4] Specifically, those terms are five years for a Class A or B felony; three years for a Class C or D felony; and one year for a Class E felony or misdemeanor. *See* 18 U.S.C. § 3583(b)(1)–(3). As for other possible terms provided by statute, for example, certain narcotics criminal statutes prescribe lengthy supervised-release terms—specifying only a minimum period and not a maximum—which sentencing courts would be obliged to impose on defendants convicted of those crimes (instead of the terms specified in subsection (b)). *See, e.g.*, 21 U.S.C. 841(b)(1)(A) ("*Notwithstanding section 3583* of Title 18, any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of *at least* 5 years in addition to such term of imprisonment . . . ." (emphasis added)).

this statute, alone, does not actually prescribe the maximum post-revocation prison terms that a sentencing court may impose. Its interaction with subsection (e)(3) of § 3583 is critical in this regard and furnishes that answer.[5] However, for purposes of addressing Mr. Lamirand's argument, the critical point is that because of the "authorized by statute" language of subsection (e)(3), sentencing courts are obliged to look to the *statutory* reference point of subsection (b) to discern the possible authorized length of post-revocation prison terms and not to a previously imposed term of supervised release ordered by the sentencing court. *See United States v. Hampton*, 633 F.3d 334, 339 (5th Cir. 2011) ("This phrase [i.e., the 'term of supervised release authorized by statute'] grants the revoking court the authority to impose a revocation sentence in excess of the amount of supervised release authorized by the original sentencing court, provided it does not exceed the term of supervised release authorized by [statute], thereby 'removing the

---

[5] Subsection (b) provides the authorized terms of supervised release and, through operation of the "authorized by statute" language of subsection (e)(3), it also defines the possible length of post-revocation terms of imprisonment. In language that appears in what we have referred to as the "except that" clause of § 3583(e), *Hernandez*, 655 F.3d at 1195, Congress expressly imposed restrictions on the scope of possible post-revocation prison terms that would be otherwise allowable by reference to subsection (b). It provided that "a defendant whose term is revoked . . . may not be required to serve more than" specified terms of imprisonment, which in some instances—including the Class D offense at issue here—are actually lesser terms than those found in subsection (b). *Compare* § 3583(b) (authorizing a term of supervised release for a Class D felony of "not more than three years"), *with* § 3583(e)(3) (authorizing a post-revocation sentence of not "more than 2 years in prison" for a Class D felony).

otherwise arguable limitation that a prison term imposed could never be longer than the term of the revoked supervised release.'" (quoting *United States v. Jackson*, 329 F.3d 406, 407 n.4 (5th Cir. 2003))). Thus, the statute's plain text makes clear that a district court is not bound by a term of supervised release previously *imposed* when sentencing a defendant to a post-revocation term of imprisonment. *See United States v. Palmer*, 380 F.3d 395, 398 (8th Cir. 2004) (en banc) ("[T]he words 'term of supervised release' are now followed by unambiguous language referencing the term authorized by statute for the offense of conviction, not the term of supervised release initially imposed by the district court.").

Even if the plain language of the statute left room for doubt, that doubt would be conclusively dispelled by examining the genesis of the applicable version of § 3583(e)(3). *See U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) ("Over and over we have stressed that '[i]n expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.'" (alteration in original) (quoting *United States v. Heirs of Boisdore*, 49 U.S. (8 How.) 113, 122 (1849))); *United States v. Hinkley*, 550 F.3d 926, 933–34 (10th Cir. 2008) ("We have never before read statutory language in . . . a vacuum."); *United States v. Santistevan*, 39 F.3d 250, 255 n.7 (10th Cir. 1994) (noting that even when "[t]he plain language of the statute is sufficient in and of

itself" the court may "[n]onetheless" discern "additional reasons to support" its view of the meaning of the language); *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. Kahn*, 618 F.2d 784, 788 (D.C. Cir. 1979) ("Because this language is open-ended, it is important to examine its genesis."); *cf. United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543–44 (1940) ("When aid to construction of the meaning of words, as used in the statute, is available, there certainly can be no rule of law which forbids its use, however clear the words may appear on superficial examination." (footnote omitted) (internal quotation marks omitted)); *Boston Sand & Gravel Co. v. United States*, 278 U.S. 41, 48 (1928) ( "It is said that when the meaning of language is plain we are not to resort to evidence in order to raise doubts.  That is rather an axiom of experience than a rule of law and does not preclude consideration of persuasive evidence if it exists."); *United States v. Doe*, 572 F.3d 1162, 1169 (10th Cir. 2009) ("To the extent the plain meaning of the statutory language and context of [the statutory word] is unclear, we turn to the legislative environment in which the word . . . appears, searching for an indicia of congressional intent at the time the statute was enacted." (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1212 (10th Cir. 2006)) (internal quotation marks omitted)).

Before 1994, § 3583(e)(3) provided that the court may "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision."  18 U.S.C. § 3583(e)(3) (1988).  Under that pre-1994 version of the

statute, many courts understood the maximum term of imprisonment that could be imposed by the sentencing court upon revocation of supervised release to be defined by the term of supervised release previously imposed by the court—more specifically, by the supervised-release term *originally* imposed by the court at the time the defendant was sentenced for the underlying criminal conviction—and *not* by the express terms of *a statute*. *See, e.g.*, *United States v. Dillard*, 910 F.2d 461, 466 (7th Cir. 1990) ("[T]he district court was authorized to give Dillard up to two years in prison on the basis of the length of his [previously imposed] two-year supervised release term."); *United States v. Krabbenhoft*, 998 F.2d 591, 594 (8th Cir. 1993) ("We conclude therefore that 'term of supervised release' as used in § 3583(e) means the term of supervised release as originally imposed by the district court at sentencing."); *United States v. Anderson*, 519 F.3d 1021, 1024–25 (9th Cir. 2008) ("Section 3583(e)(3) limits the possible prison term to the duration of the term of supervised release originally imposed [under the pre-1994 version]." (quoting *Johnson*, 529 U.S. at 712) (internal quotation marks omitted)); *see also* U.S. Sentencing Comm'n, *Federal Offenders Sentenced to Supervised Release* 42 & n.204 (2010) [hereinafter *Federal Offenders*] (citing authorities and noting that "[s]ome courts . . . held that the maximum term of imprisonment upon revocation is limited to the length of the original term of supervised release actually imposed by the district court.").

However, as part of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 110505(2), 108 Stat. 1796, 2016–17 (1994) (codified as amended at 18 U.S.C. § 3583(e)(3) (1994)), Congress amended subsection (e)(3)'s supervised-release revocation provisions to specify that the court may impose post-revocation imprisonment up to the term of supervised release "authorized by statute for the offense that resulted in such term of supervised release." *Palmer*, 380 F.3d at 397 (emphasis omitted) (quoting 18 U.S.C. § 3583(e)(3)). Congress may be presumed to have been aware of the judiciary's interpretation of the statute at the time of the 1994 enactment, including the view of many courts that the actual length of the *original* supervised-release term—rather than any expressly authorized statutory term—determined the maximum prison term upon revocation. *See Cannon v. Univ. of Chicago*, 441 U.S. 677, 696–97 (1979) ("It is always appropriate to assume that our elected representatives, like other citizens, know the law . . . ."); *Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1287 (10th Cir. 2006) (describing as the "principle, repeatedly invoked by the Supreme Court, that 'Congress is presumed to enact legislation with knowledge of the law'" (quoting *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1336 (Fed. Cir. 2006))); *cf. Dobbs v. Anthem Blue Cross & Blue Shield*, 600 F.3d 1275, 1282 (10th Cir. 2010) ("When Congress enacts a statute using a phrase that has a settled judicial interpretation, it is presumed to be aware of the prior

- 13 -

interpretation." (quoting *In re Ford*, 574 F.3d 1279, 1283 (10th Cir. 2009)) (internal quotation marks omitted)).

Yet, as courts and commentators have noted, the clear effect of Congress's 1994 amendment of subsection (e)(3) was the abrogation of that widely held judicial view (i.e., that focused on the originally imposed supervised-released term) and the establishment of the statute authorizing supervised-release terms as the reference point for determining the maximum post-revocation terms of imprisonment. *See, e.g.*, *Palmer*, 380 F.3d at 398 (noting that, after the 1994 amendment, further imprisonment under § 3583(e)(3) is restricted by the term of supervised release authorized by statute for the offense of conviction); *Federal Offenders*, *supra*, at 42 ("The clear intent of Congress in adding that language [i.e., 'authorized by statute' following the phrase 'term of supervised release'] was to permit a sentencing court to impose a prison sentence upon revocation that exceeded the length of the original term of supervised release imposed, assuming the original term was less than the statutory maximum term available."); *see also* Douglas A. Morris, *Representing a Client Charged With Violating Conditions of Supervised Release—Part Two*, 30 CHAMPION 26, 28 (December 2006) ("Be aware that the *statute* represents the limit [of post-revocation imprisonment]; the term of supervised release that the *district court imposed* at the sentencing for the underlying offense is *not* the limit. In other words, if the district court *originally* imposed a term of supervised release somewhere short of the maximum under §

3583(b), or elsewhere, that would not limit the sentence of imprisonment under §

3583(e)(3) . . . .").[6]

<hr />

[6]    In 1994, Congress also added subsection (h) to § 3583.  *See* Pub. L. No. 103-322, § 110505(3), 108 Stat. 1796, 2017 (1994) (codified as amended at 18 U.S.C. § 3583(h) (1994)); *see also* 18 U.S.C. § 3583(h) (1994) (noting that, "[w]hen a term of supervised release is revoked . . . , the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment[,]" the length of which "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release"); *see also Palmer*, 380 F.3d at 397 (discussing the enactment of § 3583(h)).  This subsection—which was enacted to make clear that district courts are "permit[ted] . . . to impose both imprisonment and a *new* term of supervised release" upon revocation, *see Palmer*, 380 F.3d at 397 (emphasis added); *cf. United States v. Williams*, 958 F.2d 337, 338–39 (11th Cir. 1992) (concluding that "there is no statutory provision [before 1994] authorizing the district court to revoke a three-year term of supervised release, require the defendant to serve all or part of that revoked term in prison, *and then* reimpose the maximum three-year supervised release term")—lends support to our reasoning, insofar as it was passed at the same time as the amendment to § 3583(e)(3) and similarly directs the district court to look to the supervised-released terms "*authorized by statute* for the *offense that resulted in the original term of supervised release*," 18 U.S.C. § 3583(h) (1994) (emphasis added), if it decides to impose any additional supervised release upon revocation, *see Pharmanex v. Shalala*, 221 F.3d 1151, 1154 (10th Cir. 2000) ("We must interpret the statute as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into an harmonious whole." (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)) (internal quotation marks omitted)).  Courts and commentators have interpreted § 3583(h) in a manner that permits the imposition of a *new* term of supervised release upon revocation that corresponds to the authorized term *under the statute* that resulted in the original offense of conviction.  *See, e.g.*, *United States v. Rogers*, 543 F.3d 467, 468–69 (8th Cir. 2008) (affirming the imposition of a longer term of supervised release on revocation of a shorter term where the original offense of conviction authorized as much); 3 Charles Alan Wright & Sarah N. Welling, *Federal Practice and Procedure* § 562, at 393 n.45 (4th ed. 2011) ("After the 1994 statutory changes, when a term of supervised release is revoked, the length of additional supervised release that can be imposed is measured not by the term initially imposed but rather by the maximum term authorized in the offense of conviction.").

When our focus on § 3583(e)(3)'s plain language is further illuminated by this examination of the genesis of key statutory terms applicable here, we cannot help but be even more convinced that Mr. Lamirand's argument is untenable and misguided. If Congress in the 1994 amendments to § 3583(e)(3) effectively rejected a judicial view holding that the supervised-release term that the sentencing court originally imposed was the reference point for determining the maximum permissible term of post-revocation imprisonment, and instead made the touchstone for assessing the maximum post-revocation prison term *the statute* expressly authorizing supervised-release terms, we are hard-pressed to conclude that Congress would have contemplated that *another* court-imposed term of supervised release—specifically, the second or subsequent term immediately preceding revocation, in the context of multiple revocations—would define the maximum length of post-revocation imprisonment. That would be a truly anomalous outcome—*viz.*, it would effectively amount to Congress *expressly* rejecting in the 1994 amendment one court-imposed supervised-release term (i.e., the original term) as the guidepost, in favor of a statutory guidepost, and its *tacitly* substituting another (i.e., the second or subsequent term). Mr. Lamirand has simply offered no explanation for why the statute should be read in this manner, and it runs against the reading of the statute endorsed by other circuits. *See, e.g.*, *Palmer*, 380 F.3d at 398 ("In subsection[] (e)(3) [of § 3583] . . . , the words 'term of supervised release' are . . . followed by unambiguous language

referencing the term authorized by statute for the offense of conviction, not the term of supervised release initially imposed by the district court."); *United States v. Pla*, 345 F.3d 1312, 1315 (11th Cir. 2003) (noting that "[t]he language of § 3583(e)(3), (g) and (h) makes clear that the length of additional supervised release *and prison term* upon revocation is not bound by the original term of supervised release but by the class of felony of which the appellant is convicted" (emphasis added)).[7]

---

[7]    In snippets of text in his briefs, Mr. Lamirand hints at a quite distinct argument that does recognize, in effect, that the "supervised release authorized by statute" language of § 3583(e)(3) contemplates that the maximum post-revocation term of imprisonment is defined by statute, and not by the length of a supervised-release term imposed by the sentencing court, and also takes into account the interplay between subsections (e)(3) and (b) of § 3583. This argument turns on the phrase "the offense that resulted in such term of supervised release" of § 3583(e)(3) and, more specifically, the meaning of the term "offense." Mr. Lamirand suggests that "the 'underlying offense' is violating the conditions of his [six] month[] term of supervised release." Aplt. Opening Br. at 7. In other words, the violations that triggered the supervised-release revocation proceedings would be "the offense[s] that resulted in such terms of supervised release" within the meaning of 18 U.S.C. § 3583(e)(3). *See* Aplt. Reply Br. at 3 ("In this case, 'the offense that resulted in the term of supervised release' is Mr. Lamirand's violation of the terms of his four [sic] month[] term of supervised release."). Consequently, following the reasoning of this argument, the district court would have been obliged to look to those offenses (i.e., the supervised-release violations), instead of his underlying drug-trafficking conviction for purposes of determining—by initial reference to the supervised-release terms prescribed in 18 U.S.C. § 3583(b)—the maximum imprisonment terms provided in § 3583(e)(3). In other words, Mr. Lamirand intimates that we should look to the offenses that triggered the revocation of his six-month supervised-release term, instead of his drug-trafficking offense of conviction, in determining the supervised-release term that was authorized by statute under subsection (b) and, relatedly, the allowable term of post-revocation imprisonment prescribed by the "except that" clause of § 3583(e)(3).

(continued...)

[7](...continued)

We have acknowledged the possibility that a defendant might advance such an argument, while noting that it presents an unresolved question in our circuit. *See Hernandez*, 655 F.3d at 1196–97 ("Another possible complication arises *within* the 'except that' clause. There, the length of time a district court may authorize in prison for each revocation depends on the nature of the 'offense that resulted in the term of supervised release.' . . . [I]f the 'offense that resulted in the term of supervised release' refers instead to a prior violation of supervised release, one might try to argue that the statutory limit on jail time for second and successive violations is just one year. . . . We highlight this complication not to answer it, but only and again to spell out the boundaries of today's battle." (emphases omitted) (citations omitted) (quoting 18 U.S.C. § 3583(e)(3))). The government also recognized that Mr. Lamirand was seemingly advancing a distinct argument based upon the language of § 3583(e)(3) and attempted to address it. *See* Aplee. Br. at 7–8 ("[A] court must look to 'the offense that resulted in the term of supervised release,' which would be 'the maximum term of imprisonment authorized under subsection (e)(3).' . . . [T]he relevant conviction for that analysis is the underlying criminal conviction, not some earlier violation of supervised release as the defendant suggests."). We are disinclined, however, to reach the merits of this argument.

First of all, the argument is not adequately presented to us. Mr. Lamirand does not even identify this distinct argument in his statement of appellate issues, much less elaborate in the brief on its substantive premises. Instead, Mr. Lamirand puts forward only a couple of stray sentences in his briefs and does not cite to any authority that even remotely supports the argument. Given the apparent complexity of this issue of statutory interpretation (i.e., relating to the meaning, for purposes of § 3583(e)(3), of the term "offense" in the phrase "the offense that resulted in such term of supervised release"), we are reluctant to definitively opine on its merits without a full adversarial framing of the relevant considerations. *Cf. Hill v. Kemp*, 478 F.3d 1236, 1251 (10th Cir. 2007) ("[O]ur rule against entertaining new arguments in reply in no way precludes us from supplementing the contentions of counsel through our own efforts. But neither does it compel us to undertake such self-directed research or pursue late and undeveloped arguments, and we exercise caution in doing so, especially in complex cases . . . . Our system of justice, after all, is not a self-directed inquisitorial one; to avoid error, we are dependent on the full development of issues through the adversarial process . . . ." (citation omitted)). And our case law in such circumstances wisely relieves us of the obligation to do so. Ordinarily, it

(continued...)

Therefore, with a proper understanding of the import of § 3583(e)(3), we turn to an assessment of the propriety of the post-revocation term of imprisonment that the district court imposed upon Mr. Lamirand. His original offense of conviction, possession of marijuana with intent to distribute was a

---

<sup>7</sup>(...continued)
treats such threadbare arguments as waived. *See, e.g.*, *Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) (declining to address a procedural-due-process argument where, despite "mak[ing] a start at arguing" it in the opening brief, the "argument section" of that brief did not go much further in "challeng[ing] the [district] court's reasoning" on the issue); *Burrell v. Armijo*, 603 F.3d 825, 835 (10th Cir. 2010) ("[O]n appeal, issues nominally raised but inadequately briefed need not be considered." (citing *United States v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995))); *United States v. Pursley*, 577 F.3d 1204, 1231 n.17 (10th Cir. 2009) ("[A]lthough Mr. Pursley alluded to the ex parte issue in his appellate brief, that skeletal reference does not present a cognizable issue for appellate review."); *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . ."). We discern no reason not to do likewise here.

Furthermore, Mr. Lamirand did not raise this distinct argument in the district court. Where a new legal theory is raised for the first time on appeal, frequently we have deemed the theory to be waived. *See, e.g.*, *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1158 (10th Cir. 2011) ("We normally do not address arguments not presented to the district court in the first instance."); *accord Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."). However, we have recognized that where the new theory was not "intentionally relinquished or abandoned in the district court," but rather "the theory simply wasn't raised before the district court, we usually hold it forfeited" and review it "under what substantively amounts to (and what we have more recently described as) the plain error standard." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127–28 (10th Cir. 2011). "Naturally, a litigant in [Mr. Lamirand's] position would prefer to have us consider a previously unraised theory merely forfeited rather than waived," *id.* at 1128, but "the failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court," *id.* at 1131. Mr. Lamirand has not asked us to review his late-blooming argument for plain error. Accordingly, we decline to do so and will not definitively opine on the merits of this argument.

Class D felony, because the maximum term of imprisonment that could be imposed for it was five years, pursuant to 21 U.S.C. § 841(b)(1)(D). *See* 18 U.S.C. § 3559(a)(4) ("[I]f the maximum term of imprisonment authorized is . . . less than ten years but five or more years, . . . [the offense is] a Class D felony . . . ."). The statute authorizing the supervised-release term of that grade of felony—subsection (b) of § 3583—defined the possible length of any post-revocation term of imprisonment. And, by observing the interplay between that provision and the specifically prescribed prison-term maximums of subsection (e)(3), we are able to identify the maximum authorized post-revocation prison term that the district court could have imposed on Mr. Lamirand—that is, two years. *See id.* § 3583(e)(3) (noting that "if such offense [that led to the term of supervised release]" is "a class C or D felony" then a defendant "may not be required to serve . . . more than 2 years in prison"). In Mr. Lamirand's case, the district court imposed a term of imprisonment of twelve months and one day, which is less than the authorized term. Consequently, the district court did not err.

## CONCLUSION

For the foregoing reasons, Mr. Lamirand's sentence is **AFFIRMED**.