**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEVIN PATTON,

Defendant-Appellant.

No. 12-6168
(D.C. No. 5:09-CR-00072-M-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Kevin Patton appeals from a district court order that revoked his supervised release and sentenced him to seven-months' imprisonment. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In 2009, Patton pleaded guilty to one count of access-device fraud, in violation of 18 U.S.C. § 1029(a)(2), for using a stolen credit card to acquire over $20,000 in fuel and other products. The district court sentenced him to five-months' imprisonment with three-years of supervised release.

After being released from custody, Patton's probation officer petitioned the district court to revoke Patton's term of supervised release because he had (1) "attempt[ed] to deceive drug testing procedures" using "a bottle of clean urine"; and (2) tested positive for methamphetamine. R., Vol. I at 25. At the hearing on the petition, the court continued the matter for ninety days to give Patton the "opportunity to participate in additional substance abuse counseling." *Id.* at 32. Patton began to comply with the terms of his supervised release, and the court dismissed the revocation petition.

Five months later, however, Patton's probation officer filed another revocation petition, repeating the earlier violations and adding that Patton had (1) failed to notify her that he had been fired from work; (2) failed to report on two occasions for drug testing; (3) and tested positive for amphetamine when he did report. The U.S. Probation Office listed the violations as Grade C offenses. *See* U.S. Sentencing Guidelines Manual § 7B1.1 (placing various probation and supervised release violations in Grades A through C depending upon the severity of the offense).

The court held a hearing, in which Patton admitted the violations alleged in both petitions, and he argued for placement in a halfway house so he could find work, meet his child-support obligations, and continue with drug counseling. The government argued for revocation and imprisonment, indicating that Patton had been fired for unauthorized use of a credit card.

The court declined to give Patton another opportunity to meet the requirements of his supervised release, and instead, opted for imprisonment within the five-to-eleven month guideline revocation range. The court then selected a seven-month sentence upon "consider[ing] the factors in Title 18 United States Code Section 3553, and the policy statements in Chapter 7 of the Sentencing Guidelines." R., Vol. 3 at 9.

Patton appeals.

## DISCUSSION

We review a sentencing decision for reasonableness, applying a deferential abuse of discretion standard. *See United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). Patton acknowledges that the applicable revocation sentence is five-to-eleven months. Aplt. Br. at 7. His seven-month sentence is, thus, presumptively reasonable. *See United States v. McBride*, 633 F.3d 1229, 1232-33 (10th Cir. 2011).

Patton argues, however, that he should have been given another chance at supervised release instead of incarceration.[1] "When a convicted defendant violates a condition of supervised release, the sentencing judge may revoke the term of supervised release and impose prison time." *United States v. Vigil*, 696 F.3d 997, 1002 (10th Cir. 2012) (citing 18 U.S.C. § 3583(e)(3)). In doing so, "[t]he judge must consider [certain] factors in 18 U.S.C. § 3553(a)[2] and the policy statements in Chapter 7 of the Sentencing Guidelines." One such policy statement advises that

---

[1] Patton also complains that the district court did not adequately explain its reasons for the sentence it selected. But he forfeited the argument by not raising it during the revocation hearing. *See United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006). And while the argument could still qualify for plain-error review on appeal, *see United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010), Patton neither acknowledges the standard's applicability nor attempts to satisfy anything but the first element of that standard, *see id.* (noting that plain error requires "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings"). This court has announced that "the failure to argue for plain error and its application on appeal surely marks the end of the road for an argument for reversal not first presented to the district court." *United States v. Lamirand*, 669 F.3d 1091, 1100 n.7 (10th Cir. 2012) (ellipsis and quotation omitted). Indeed, Patton does not argue how a more detailed sentencing explanation would have resulted in a lesser sentence, thereby affecting his substantial rights. *See United States v. Begaye*, 635 F.3d 456, 471 (10th Cir. 2011) (holding that defendant failed to carry his plain-error burden of showing that district court's allegedly inadequate sentencing explanation affected his substantial rights). We will not craft a party's arguments for him. *United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 1969 (2012). Consequently, we do not reach the merits of Patton's procedural-reasonableness argument.

[2] The § 3553(a) considerations are, in a nutshell: the background of both the offense and the defendant; the deterrent, protective, and correctional aspects of the sentence; applicable guideline and policy statements; the avoidance of sentencing disparities; and victim restitution. *See* 18 U.S.C. § 3583(e) (listing the applicable § 3553(a) factors).

"[r]evocation of . . . supervised release generally is the appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, again violates the conditions of his supervision." U.S. Sentencing Guidelines Manual § 7B1.3 cmt. n.1. Although the district court dismissed the first revocation petition without making a formal finding as to the violation, Patton "stipulated" at the hearing on the first petition that he had in fact "attempted to circumvent drug testing procedures and . . . had tested positive for methamphetamine." R., Vol. I at 36. Moreover, despite receiving a second chance to comply with the conditions of supervised release, Patton committed several further infractions just a short time later. According to the U.S. Sentencing Commission, such a breach of trust should be the primary basis of the court's revocation sanction. *See* U.S. Sentencing Guidelines Manual § Ch. 7, Pt. A(3)(b).

We conclude that revoking Patton's term of supervised release and sentencing him to seven months' imprisonment due to his repeated violations of the terms of his supervised release and his breach of the district court's trust was reasonable and not an abuse of discretion.[3]

---

[3] The government contends that Patton was subject to mandatory revocation under 18 U.S.C. § 3583(g)(3) for missing drug tests and attempting to manipulate test results. We need not reach that contention because of our conclusion that discretionary revocation was reasonable.

## CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court


Wade Brorby
Senior Circuit Judge