**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TORRENCE TRIPLETT,

    Defendant - Appellant.

No. 18-1268
(D.C. No. 1:17-CR-00138-RBJ-5)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver contained in Torrence Triplett's plea agreement. Exercising

jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

**BACKGROUND**

Triplett pleaded guilty pursuant to a plea agreement to one count of

distribution, and possession with the intent to distribute, a mixture and substance

containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1). The

agreement contained the following appellate waiver:

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this and in exchange for the concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 13[,] or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

Mot. to Enforce, Attach. 1 (Plea Agmt.) at 3.

At his change of plea hearing, Triplett told the district court that he had discussed the plea agreement and statement in advance of plea with his attorney, and he understood both documents. In addition to the waivers in those documents, the court further explained that Triplett was giving up his right to a jury trial and its attendant benefits:

Essentially, 12 citizens . . . are seated as jurors. . . . Your lawyer and you would have a right to participate in the selection of the jurors. Then the Government presents its evidence to the jury. The Government has the burden of proving beyond a reasonable doubt that you did what they accuse you of doing. If they can't prove it, you're not guilty. You don't have to prove your innocence. The case starts out with a presumption that you are innocent. You don't have to prove anything. It's the Government's burden and only the Government's burden.

That doesn't mean you can't participate in the trial if you wish to do so. You can present evidence. Your lawyer can object to and cross-examine the Government's evidence. You can testify, if you wish, on your own behalf. You have a whole group of rights that goes with the right to trial by jury, and it's all important. Do you understand what I'm saying?

*Id.*, Attach. 2 (Plea Hr'g) at 4-5.

2

The district court also advised Triplett that he was subject to "a prison sentence of not more than 20 years, a fine of not more than $1 million, and [a term of] supervised release." *Id*. at 7. Triplett affirmed that he was not pressured to enter the guilty plea and that he also understood the appeal waiver. As such, the court found "that he is [pleading guilty] voluntarily, knowingly, intelligently." *Id*. at 10.

In his "Statement by Defendant in Advance of Plea of Guilty," Triplett acknowledged that by pleading guilty, he was waiving numerous rights including, the right to "call such witnesses as I desire [at trial], and . . . obtain subpoenas to require the attendance and testimony of those witnesses," as well as the right not "to incriminate myself and . . . not . . . to testify at . . . trial." Dist. Ct. Dkt. No. 186, at 4.

Triplett's attorney did not object to the adequacy of the colloquy under Fed. R. Crim. P. 11 at the change of plea hearing, nor did he dispute that he discussed with Triplett both the plea agreement and statement in advance of plea. Later, the district court sentenced Triplett to 41 months' imprisonment and imposed a $100 assessment.

Despite the fact Triplett's sentence did not fall within any of the exceptions that would permit an appeal, he has filed a notice of appeal "to proceed with his appeal of his sentence." Resp. at 4. He contends that "the main issue at appeal is the correct calculation of the . . . Sentencing Guidelines by the trial court." *Id*. at 1. According to Triplett, his plea was not knowing and voluntary because the plea colloquy did not comply with the requirements of Rule 11(b)(1). More specifically, Triplett contends that the court "failed to inform [him] of his constitutional right to be protected from compelled self-incrimination, his constitutional right to compel the

3

attendance of witnesses and the court's statutory obligation to impose a special assessment." Resp. at 3-4. Alternatively, Triplett argues that enforcement of the waiver "would result in a miscarriage of justice." *Id*. at 4.

## DISCUSSION

In evaluating a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Triplett concedes that the appeal falls within the scope of the appeal waiver.

### *Knowing and Voluntary*

As to the whether the waiver was knowing and voluntary,

> *Hahn* instructs us to look to the plea agreement and the explanation the
> district court provided to the defendant. Thus, we ordinarily look to
> (1) whether the language of the plea agreement states that the defendant
> entered the agreement knowingly and voluntarily; and (2) whether the
> district court conducted an adequate [Rule] 11 colloquy.

*United States v. Rollings*, 751 F.3d 1183, 1188 (10th Cir. 2014) (internal quotation marks omitted). "[I]f the defendant did not voluntarily enter into the agreement, the appellate waiver subsumed in the agreement also cannot stand." *Id*. at 1189.

Because Triplett did not object to any deficiencies in the Rule 11 colloquy in the district court, we "review[] [the] alleged violations of Rule 11(b) . . . under the exacting plain error standard." *United States v. Carillo*, 860 F.3d 1293, 1300 (10th Cir. 2017). Plain error occurs when there is "(1) an error; (2) the error is plain

4

or obvious; (3) the error affects the appellant's substantial rights (i.e., the error was prejudicial and affected the outcome of the proceedings); and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. Where "unpreserved Rule 11(b)(1) errors" are at issue, "an appellant's substantial rights are affected only if he can show a reasonable probability that, but for the error, he would not have entered the plea." *Id*. at 1300-01 (internal quotation marks omitted).

But Triplett fails to argue plain error. As such, we will not consider his argument. *See, e.g.*, *United States v. Lamirand*, 669 F.3d 1091, 1098 n.7 (10th Cir. 2012) (refusing to "definitively opine on the merits" where a defendant "has not asked us to review his late-blooming argument for plain error"); *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) (holding "the failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court").

## *Miscarriage of Justice*

Regarding the third *Hahn* factor, we have stated that

[a]ppellate waivers are subject to certain exceptions, including [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.

*Hahn*, 359 F.3d at 1327 (internal quotation marks omitted).

Here, Triplett argues that the "trial court first [erred] when it incorrectly calculated the sentencing guideline calculation and rejected the sentencing guideline

5

calculation made by both the . . . Probation Department as well as by Mr. Triplett." Resp. at 4-5. This error was compounded by the court's "mistaken impression that Mr. Triplett had plead guilty to an offense regarding crack cocaine and not powder cocaine." *Id.* at 6. The sentencing transcript reveals that Triplett raised these arguments in the district court. However, Triplett's miscarriage of justice claim fails because his arguments alleging sentencing error do not establish any of the four miscarriage-of-justice circumstances. *See Hahn*, 359 F.3d at 1327 (holding that "enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated").

## CONCLUSION

We grant the government's motion to dismiss this appeal.

Entered for the Court
Per Curiam