**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DAVID A. MOTA,

      Defendant - Appellant.

No. 19-2177
(D.C. No. 1:10-CR-02465-JAP-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO, BACHARACH,** and **MORITZ**, Circuit Judges.
_____

This appeal involves the length of Mr. David Mota's term of

supervised release. The maximum supervised-release term was five years.

But the parties entered a plea agreement stating that the statutory

maximum term of supervised release was only three years. The court later

revoked the supervised-release term and reimposed a supervised-release

---

[*]    Neither party has requested oral argument, and it would not
materially aid our decision. We have thus decided the appeal based on the
briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir.
R. 34.1(G).

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

term of four years and five months. Mr. Mota's attorney characterizes the new term of supervised release as a violation of his plea agreement. But Mr. Mota failed to preserve this argument.

When the district court revoked supervised release, the probation officer recommended supervised release for four years and five months. Mr. Mota's attorney objected, asking the court to reimpose supervised release for three years because that was the length of the original term.

To resolve the objection to a term of four years and five months, the district court asked the probation officer the reason for her recommendation. She responded that the statutory maximum was five years. Mr. Mota's attorney again made no mention of the plea agreement or the prior misstatement of the maximum term. The attorney instead repeated his request for a three-year term because the original term of supervised release was only three years.

Mr. Mota's attorney preserved the issue only if his objection to a four-year, five-month term was "'definite' enough to indicate to the district court 'the precise ground' for a party's complaint." *United States v. Winder*, 557 F.3d 1129, 1136 (10th Cir. 2009) (quoting *Neu v. Grant*, 548 F.2d 281, 287 (10th Cir. 1977)). But Mr. Mota's attorney didn't say anything that would have alerted the district court to the eventual argument asserted on appeal.

Despite the failure to specify this argument in district court, Mr. Mota argues that he preserved the issue under *United States v. Tisdale*, 248 F.3d 964 (10th Cir. 2001). There the defendant argued on appeal that a provision of the United States Sentencing Guidelines (§ 5G1.3) required a concurrent sentence. He had requested a concurrent sentence in district court but hadn't mentioned the guideline provision. We held that the request for a concurrent sentence, though vague, was sufficient to alert the district court to the applicability of the guideline provision. 248 F.3d at 975-76.

*Tisdale* doesn't suggest that an argument for a specific sentence would preserve any possible argument in support of that sentence. To the contrary, we recently held in *United States v. Finnesy* that a request for a concurrent sentence hadn't alerted the district court to the applicability of U.S.S.G. § 5G1.3. 953 F.3d 675, 689 (10th Cir. 2020). We explained that the district court had pressed defense counsel to specify his procedural objections, and the response omitted any mention of § 5G1.3. *Id.*

We distinguished *Tisdale*. There the defendant's general request had alerted the court to the issue at hand. *Id.* at 690. But in *Finnesy*, defense counsel had specified his objection and that objection consisted of an argument differing from the one advanced on appeal. *Id.*

The same is true here. Mr. Mota's attorney specified that he was requesting a three-year term of supervised release solely because that was

3

the term originally imposed. The attorney then reiterated that request, omitting mention of the plea agreement or the prior mistake when confronted with the probation officer's statement that the statutory maximum term of supervised release was five years. Under *Finnesy*, Mr. Mota forfeited his appellate argument by providing the district court with an entirely different argument for a three-year term of supervised release.

Even when a defendant forfeits an appellate argument, we can ordinarily consider the argument under the plain-error standard. *See United States v. Kearn*, 863 F.3d 1299, 1305 (10th Cir. 2017). But we apply the plain-error standard only when it's requested. *United States v. Lamirand*, 669 F.3d 1091, 1099 n.7 (10th Cir. 2012). And in her reply brief, Mr. Mota's attorney disavows any argument for plain-error review, sticking with her argument that the issue had been preserved in district court. Because Mr. Mota does not urge plain-error review, we decline to consider Mr. Mota's new challenge to the length of the supervised-release term. We thus affirm the sentence imposed upon revocation of the original term of supervised release.

Entered for the Court


Robert E. Bacharach
Circuit Judge

4