**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUSTIN TODD HAYNES,

    Defendant - Appellant.

No. 20-6011
(D.C. Nos. 5:12-CR-00108-F-1 &
5:17-CV-00945-F)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **EID**, Circuit Judges.
_____

Justin Todd Haynes, a federal prisoner proceeding pro se,[1] appeals the district

court's order dismissing his motion for a sentence reduction for lack of jurisdiction.

To the extent Haynes's motion sought release for "extraordinary and compelling

reasons" under 18 U.S.C. § 3582(c)(1)(A)(i), we exercise jurisdiction pursuant to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Haynes is pro se, we liberally construe his filings but will not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

28 U.S.C. § 1291 and affirm. To the extent his motion sought to attack his sentence and was an unauthorized second or successive 28 U.S.C. § 2255 motion, we deny a certificate of appealability (COA) under 28 U.S.C. § 2253(c) and dismiss the matter.

## BACKGROUND

In 2012, Haynes pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court determined he was an armed career criminal based on prior convictions and sentenced him to the mandatory minimum of 180 months' imprisonment. Haynes did not appeal.

In 2017, Haynes filed a 28 U.S.C. § 2255 motion to challenge his sentence enhancement based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court dismissed the motion as time-barred because it was filed more than one year after *Johnson* and there was no basis for equitable tolling. Haynes did not appeal.

Since the denial of his first § 2255 motion, Haynes has twice moved this court for authorization to file a second or successive motion under § 2255(h), the first time based on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and the second based on *United States v. Davis*, 139 S. Ct. 2319 (2019). This court denied both motions.

In December 2019, Haynes filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(B) and Federal Rule of Criminal Procedure 35, again arguing his sentence was illegally enhanced based on *Johnson*. The district court dismissed the motion, concluding it did "not fall within the jurisdiction that Rule 35 provides the court for reducing a sentence" or "within any of the other jurisdictional grants in section 3582(c) for modifying a sentence." R. at 56. Haynes did not appeal. Instead,

2

one month later, he filed another motion to reduce his sentence under § 3582(c), reiterating his argument that his sentence was illegally enhanced and alleging this constituted "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). The district court concluded the statute did not permit resentencing on this basis and dismissed the motion for lack of jurisdiction. In addition, the court dismissed the motion and denied a certificate of appealability to the extent Haynes's motion was challenging the legality of his sentence and was therefore an unauthorized second or successive § 2255 motion. Haynes timely appealed.

## DISCUSSION

Haynes contends he is suffering "[i]rreparable harm" due to an illegally enhanced sentence and that he is entitled to immediate resentencing and release. Aplt. Opening Br. at 4. His appeal fails for several reasons.

First, Haynes moved for a sentence reduction on the grounds that his prior conviction in Oklahoma for second degree burglary should not have been used to enhance his sentence and that his illegally enhanced sentence constituted an "extraordinary and compelling reason[]" under § 3582(c)(1)(A)(i).[2] Under that statute, a district court may reduce a sentence if, after considering any applicable

---

[2] Haynes also argues his prior conviction in Oklahoma for robbery with firearms should not have been used to enhance his sentence. But we do not consider this claim because he did not raise it in his motion in district court and has not argued plain error on appeal. *See United States v. Lamirand*, 669 F.3d 1091, 1099 n.7 (10th Cir. 2012).

3

sentencing factors in 18 U.S.C. § 3553, it finds "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As authorized by 28 U.S.C. § 994(t), the Sentencing Commission issued a policy statement recognizing four categories of "extraordinary and compelling reasons" for § 3582(c)(1)(A)(i): "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons," defined as "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons," U.S.S.G. § 1B1.13, cmt. n.1.

Haynes argued that the Sentencing Commission's policy statement was no longer controlling and that the district court was free to determine what constituted "extraordinary and compelling reasons" for purposes of a sentence reduction under § 3582(c)(1)(A)(i). But the court disagreed, concluding that Haynes's argument regarding legal error in the enhancement of his sentence was not one of the categories recognized by the Sentencing Commission and that it did not qualify as an extraordinary and compelling reason under § 3582(c)(1)(A)(i). And because the court determined Haynes had not shown a basis for resentencing under any of the provisions in § 3582(c), the court dismissed the motion for lack of jurisdiction. *See United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request.").

4

On appeal, Haynes continues to dispute the validity of his enhanced sentence. But he has not contested the district court's jurisdictional analysis and has offered no argument or authority as to how the court erred in its interpretation and application of § 3582(c)(1)(A)(i). "We will not review an issue in the absence of reasoned arguments advanced by the appellant as to the grounds for [his] appeal." *Kelley v. City of Albuquerque*, 542 F.3d 802, 820 (10th Cir. 2008) (internal quotation marks omitted). Haynes therefore has waived any objection to the court's dismissal of his motion seeking a reduced sentence under § 3582(c)(1)(A)(i). *See Cisneros v. Aragon*, 485 F.3d 1226, 1233 (10th Cir. 2007) (deeming an issue waived where the appellant "failed to offer any substantive arguments explaining why the district court erred in denying the motion").

Next, the district court noted Haynes's motion could be construed as a 28 U.S.C. § 2255 motion because it was attacking the validity and legality of his sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." (internal quotation marks omitted)). But as the district court observed, Haynes previously had filed a § 2255 motion challenging his enhanced sentence, and the district court dismissed that motion. Haynes therefore needed to obtain authorization from this court before he could file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). And without such authorization, the district court lacked jurisdiction to consider the merits of the motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

5

Because the district court alternatively dismissed Haynes's motion as an unauthorized second or successive § 2255 motion, he must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (applying COA requirement to the dismissal of a an unauthorized second or successive § 2255 motion). And to obtain a COA, he must show, *inter alia*, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Once again, Haynes argues the merits of his underlying claims and insists his sentence was illegally enhanced. But he does not dispute the district court's findings that he previously filed a § 2255 motion and that he did not obtain authorization to file another one. Nor does he dispute the district court's conclusion that it lacked jurisdiction over the motion to the extent it was an unauthorized second or successive § 2255 motion. Accordingly, because Haynes has not shown that the district court's procedural ruling was debatable, we deny a COA.

## CONCLUSION

We affirm the district court's judgment to the extent Haynes's motion was brought under § 3582(c)(1)(A)(i), and we deny a certificate of appealability to the extent the motion was an unauthorized second or successive § 2255 motion.

Entered for the Court
Per Curiam

6