# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1727

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| Kim Max Chaddock, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:   October 16, 2002

Filed:   October 22, 2002

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Kim Max Chaddock appeals from the final judgment entered in the District Court[1] for the Western District of Missouri upon the revocation of his supervised release. The district court sentenced appellant to 11 months imprisonment and 3 years supervised release. For reversal, appellant argues the district court erred in revoking his supervised release and in imposing the new sentence. For the reasons discussed below, we affirm the judgment of the district court.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

In 1992 Chaddock pleaded guilty to conspiring to distribute a mixture containing cocaine (a Class A felony), and was sentenced to a term of imprisonment and supervised release. On the government's subsequent motion, the district court reduced Chaddock's sentence to 120 months imprisonment and 5 years supervised release. Chaddock commenced supervised release in 1999. The government thereafter moved for revocation based on numerous alleged violations, all but one of which Chaddock admitted.

Given his admission, the district court was authorized to revoke Chaddock's supervised release; and the court did not exceed authorized limits or abuse its discretion in setting the sentence. See 18 U.S.C. § 3583(e)(3) (court may revoke supervised release if it finds by preponderance of evidence that defendant violated condition; 5-year maximum prison term upon revocation of supervised release where original conviction was for Class A felony); United States v. St. John, 92 F.3d 761, 766 (8th Cir. 1996) (maximum period of time defendant's freedom can be restrained upon revocation is capped by original supervised release term); United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review for sentence imposed within limits of § 3583(e)).

Accordingly, the judgment is affirmed. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.