# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2567

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Oswaldo Francis Pozo, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted:  October 25, 2002
Filed:  November 7, 2002

_____

Before MORRIS SHEPPARD ARNOLD, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Oswaldo Francis Pozo appeals the sentence imposed by the district court[1] upon revocation of his supervised release.  Pozo waived his right to an evidentiary hearing and stipulated to violating conditions of his supervised release.  Thereafter, the court revoked Pozo's supervised release and sentenced him to 7 months imprisonment and 2 years supervised release.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

On appeal, Pozo argues the district court violated the Ex Post Facto Clause by imposing a revocation sentence that included both a term of imprisonment and a term of supervised release, because 18 U.S.C. § 3583(h), which authorizes supervised release upon revocation of supervised release, was not in effect at the time Pozo's original offense was committed. This argument is foreclosed, however, by Johnson v. United States, 529 U.S. 694, 702, 713 (2000) (although § 3583(h) does not apply retroactively to offenses committed before September 13, 1994, 18 U.S.C. § 3583(e)(3) already allows district courts to impose additional term of supervised release following reimprisonment; as § 3583(h) does not apply retroactively, ex post facto question does not arise). We note that the total of the terms of imprisonment and supervised release imposed upon revocation of Pozo's supervised release (31 months) does not exceed his original 60-month supervised-release term. See United States v. St. John, 92 F.3d 761, 766 (8th Cir. 1996) (maximum period of time defendant's freedom can be restrained upon revocation of supervised release is capped by original supervised-release term).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.