# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1333

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Thomas Arthur Palmer, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 14, 2004

Filed: August 24, 2004

_____

Before LOKEN, Chief Judge, WOLLMAN, HANSEN, MORRIS SHEPPARD
ARNOLD, MURPHY, BYE, RILEY, SMITH, and COLLOTON, Circuit
Judges.

_____

WOLLMAN, Circuit Judge.

We vacated our prior panel opinion in this case, United States v. Palmer, 77
Fed. Appx. 919 (8th Cir. 2003) (per curiam), and granted rehearing en banc to
reconsider the interpretation of 18 U.S.C. § 3583 advanced in United States v. St.
John, 92 F.3d 761 (8th Cir. 1996). We now overrule St. John's interpretation and
affirm the sentence imposed by the district court.

## I.

On April 11, 2000, Thomas Palmer pleaded guilty to three counts of threatening to use a weapon of mass destruction to blow up certain federal agencies and one count of mailing a threat to blow up a United States Post Office. 18 U.S.C. §§ 2332a(a)(3); 844(e). The former convictions were class A felonies, subjecting Palmer to a maximum penalty of life imprisonment and up to five years of supervised release. See 18 U.S.C. §§ 2332a(a), 3559(a)(1), 3583(b). The district court[1] departed upward from the range specified in the United States Sentencing Guidelines and sentenced Palmer to 27 months of imprisonment, to be followed by 36 months of supervised release.

Palmer completed his prison term in 2002 and began serving his period of supervised release. Several months into supervision, he violated the conditions of that release. The district court[2] then revoked Palmer's supervised release and imposed 12 months of imprisonment and another 36 months of supervised release – an aggregate revocation sentence of 48 months – 12 months longer than Palmer's initial term of supervised release. Palmer appeals, arguing that this longer term is illegal.

## II.

We review the legality of Palmer's revocation sentence de novo, United States v. Brings Plenty, 188 F.3d 1051, 1053 (8th Cir. 1999) (per curiam), a matter that turns on construction of 18 U.S.C. § 3583. Prior to 1994, § 3583(e)(3) provided that upon revocation a district court could require a defendant to "serve in prison all or part of

---

[1]The Honorable Michael J. Melloy, now a member of this Court.

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

the term of supervised release without credit for time previously served on postrelease supervision . . . ." Id. Our court interpreted this section to authorize imposition of both a term of imprisonment and a new term of supervised release upon revocation if the two terms, in aggregate, did not exceed the total term of supervised release initially imposed. See United States v. Krabbenhoft, 998 F.2d 591, 594 (8th Cir. 1993); United States v. Schrader, 973 F.2d 623, 624-25 (8th Cir. 1992). This was a minority position joined only by the First Circuit, see United States v. O'Neil, 11 F.3d 292, 294, 301 (1st Cir. 1993), as most other circuits held that district courts could require either imprisonment or continued supervised release, but not both. See e.g., United States v. Truss, 4 F.3d 437, 439 (6th Cir. 1993) (collecting cases).

In the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 110505, 1994 U.S.C.C.A.N. (108 Stat.) 1796, 2017, Congress enacted new statutory language governing imposition of supervised release following revocation. Among other things, the Act created an entirely new subsection, which explicitly permits district courts to impose both imprisonment and a new term of supervised release if the new term does "not exceed the term of supervised release *authorized by statute for the offense that resulted in the original term of supervised release*, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h) (emphasis added). The Act also changed subsection (e)(3) to specify that, within limitations, revocation courts may require imprisonment for "all or part of the term of supervised release *authorized by statute for the offense that resulted in such term of supervised release . . . .*" Id. § 3583(e)(3) (emphasis added).

Our court initially confronted this language in United States v. St. John, 92 F.3d 761 (8th Cir. 1996), a case in which the defendant was convicted and sentenced under the pre-1994 scheme but violated his supervised release and faced revocation after enactment of the new language set forth above. St. John acknowledged that the new subsection (h) could peg the available new term of supervised release upon

revocation to the maximum term of supervised release authorized by statute for the offense of conviction.  Id. at 766.  Concerned that this reading would generate an ex post facto problem, however, St.  John chose to follow our prior law, construing the words "term of supervised release" to mean "the term of supervised release in the original sentence rather than the maximum authorized term of supervised release." Id.  Although the United States Supreme Court subsequently eliminated the ex post facto concern by holding that § 3583(h) does not apply retroactively, see Johnson v. United States, 529 U.S. 694,  702-03 (2000), our court has continued to acknowledge and apply St. John's construction of the 1994 changes despite language in Johnson casting doubt on the viability of that reading.[3]  See e.g., United States v. Pozo, 50 Fed. Appx. 329 (8th Cir. 2002) (per curiam); United States v. Chaddock, 49 Fed. Appx. 88 (8th Cir. 2002) (per curiam); but cf. United States v. Touche, 323 F.3d 1105 (8th Cir. 2003) (upholding aggregate revocation sentence of 45 months despite initial supervised release term of 36 months where defendant did not appeal aggregate length of revocation sentence).

Having considered the matter en banc, we conclude that St. John's interpretation of the 1994 act is not consistent with the language of the statute.  In subsections (e)(3) and (h), the words "term of supervised release" are now followed by unambiguous language referencing the term authorized by statute for the offense of conviction, not the term of supervised release initially imposed by the district court.  Subsection (b) of the statute is captioned "[a]uthorized terms of supervised release," and provides for specific maximum periods of supervised release for each class of felony conviction.  Conversely, no statutory language indicates that new terms of supervised release are cabined by the supervised release term originally imposed.  The only explicit limitations include those on the available terms of

_____

[3]The Court mentioned in Johnson that "[a]s it was written before the 1994 amendments, subsection [(e)(3)] did not provide (as it now does) that the court could revoke the release term and require service of a prison term equal to the maximum authorized length of a term of supervised release."  529 U.S. at 705.

imprisonment specified in subsection (e)(3) and the subsection (h) requirement that the new term of supervised release not exceed the term statutorily authorized for the offense of conviction (minus any revocation terms of imprisonment).

If allowed to stand, St. John would also contribute to a circuit conflict. In United States v. Pla, 345 F.3d 1312 (11th Cir. 2003), the Eleventh Circuit recently concluded that "the language of § 3583(e)(3), (g) and (h) makes clear that the length of additional supervised release and [a] prison term upon revocation is not bound by the original term of supervised release but by the class of felony of which the [defendant] is convicted." Id. at 1315. We agree, and given both the clarity of the statutory language and the importance of intercircuit uniformity in revocation sentencing, we overrule St. John's contrary reading.

We do not agree with Palmer's suggestion that our new reading places us at odds with the Seventh Circuit's decision in United States v. Russell, 340 F.3d 450 (7th Cir. 2003). The defendant in Russell, as in St. John, was convicted and sentenced prior to the 1994 changes. Russell thus involved a determination of the appropriate sentence authorized by the earlier version of subsection (e)(3), not the sentence authorized by the language contained in the current versions of (e)(3) and (h). If anything, various statements in other circuit opinions interpreting § 3583(h), including those of the Seventh Circuit, suggest that those courts would endorse our plain-meaning approach. See United States v. Moody, 277 F.3d 719, 721 (5th Cir. 2001) (noting that "[t]he plain language of § 3583(h) directs courts to look to the 'statute for the offense that resulted in the original term of supervised release.'"); United States v. Cade, 236 F.3d 463, 466 (9th Cir. 2000) (noting that "[i]f the court imposes a term of imprisonment that is less than [the maximum term authorized in § 3583(e)(3)] . . . it also may require the defendant to serve an additional term of supervised release that cannot exceed . . . the maximum term authorized by [§ 3583(b)] . . . ."); United States v. Shorty, 159 F.3d 312, 316 (7th Cir. 1998) (same);

United States v. Dozier, 119 F.3d 239, 242 (3rd Cir. 1997) (same), abrogated on other grounds in Johnson, 529 U.S. at 699 n. 3, 702.

We read 18 U.S.C. §§ 3583(e)(3) and (h) to mean what they plainly say.  Upon revocation, a defendant may be sentenced to both imprisonment and a further term of supervised release.  18 U.S.C. § 3583(h).  For those defendants whose offense of conviction occurred after the 1994 changes, the available supervised release term is not measured by the term initially imposed by the district court, see St. John, 92 F.3d at 766, but by the term authorized in 18 U.S.C. § 3583(b) for the offense of conviction, minus the aggregate amount of any revocation terms of imprisonment.  18 U.S.C. § 3583(h); Johnson, 529 U.S. at 702 ("§ 3583(h) applies only to cases in which that initial offense occurred after the effective date of the amendment, September 13, 1994."); Brings Plenty, 188 F.3d at 1054 (concluding that all revocation terms of imprisonment must be aggregated when calculating the remaining available term of supervised release).

The district court chose to imprison Palmer for 12 months upon revocation.  Under § 3583(h), the district court was empowered to impose a new term of supervised release that could not exceed the five-year maximum term of supervised release authorized in § 3583(b) for Palmer's offenses of conviction, minus the 12-month term of imprisonment imposed on revocation.  The maximum available term of supervised release was the difference of the two – 48 months.  Because the 36-month term of supervised release imposed falls well within that boundary, we affirm the sentence.

_____