# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4007

_____

United States of America,

        Appellee,

v.

Joseph Paul Marshall,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: August 22, 2006
Filed: August 25, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Joseph Paul Marshall admitted violating the conditions of his supervised release, the district court[1] revoked it and sentenced him to 15 months in prison and 2 years of supervised release. On appeal, he argues that this sentence exceeds the legal maximum because he received a 3-year term of supervised release when he was originally sentenced in 1998. We disagree. "For those defendants whose offense of conviction occurred after the 1994 changes [to the supervised release statute], the available supervised release term is not measured by the term initially imposed by the

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

district court, . . . but by the term authorized in 18 U.S.C. § 3583(b) for the offense of conviction, minus the aggregate amount of any revocation terms of imprisonment." United States v. Palmer, 380 F.3d 395, 398-99 (8th Cir. 2004) (en banc). Marshall's instant revocation sentence, added to his earlier revocation prison term of 12 months, does not exceed the 60-month lawful maximum. See 18 U.S.C. § 3583(b)(1) and (h).

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____