FILED
United States Court of Appeals
Tenth Circuit

March 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VINCENT BAD HEART BULL,

Defendant-Appellant.

No. 11-8016

(D. of Wyo.)

(D.C. No. 97-CR-00099-WFD)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HOLLOWAY**, and **TYMKOVICH**, Circuit Judges.

Vincent Bad Heart Bull challenges the sentence he received for violations

of the terms of his supervised release. The district court sentenced him to 24

months in prison for the violations, all of which occurred within a few months of

his release from prison after serving a 15-year sentence under the Armed Career

Criminal Act. Bad Heart Bull now challenges the procedural and substantive

reasonableness of his sentence. He also argues that the new three year term of

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

supervised release, coupled with two years in prison, exceeds the total amount of supervised release time authorized by statute.

We conclude the sentence was reasonable and lawful, and AFFIRM the district court.

# I.  Facts

After serving a 15-year prison term, Bad Heart Bull was released in November 2010.  His sentence included a three-year term of supervised release, with a number of conditions.  Despite these restrictions, within a short time after his release he accumulated five violations for marijuana and prescription drug use, and several alcohol-related offenses.

The final violation occurred in February 2011, when Bad Heart Bull, while intoxicated, encountered a group of young children who, by his account, taunted him with a racial epithet, calling him a "drunken Indian."  R. 30.  He claims they grabbed at him and that he tried to slap them away.  In a different account of the proceedings, which was included in the report that Bad Heart Bull pleaded no contest to, a ten-year-old girl told the police that a drunk man, whom she later identified as Bad Heart Bull, banged on the door and window of her dance class building, frightening her, and later tried to grab her as she waited outside for her mother to pick her up.  He admits to slapping at the girls who were touching his coat, but not to the more serious allegation of trying to grab a child.

For this incident, he was charged in state court with, and pled no contest to, being a "pedestrian under the influence of alcohol" in violation of Wyoming Statute § 31-5-612 and to "unlawful contact" in violation of Wyoming Statute § 6-2-501(g)(i) and (h). He was sentenced to thirty days in jail and six months of unsupervised probation.

In addition to the state criminal charges, these violations of supervised release are all classified as Grade C violations of the terms of supervised release under the United States Sentencing Guidelines. USSG § 7B1.1. Given Bad Heart Bull's criminal history, the Guidelines recommend a supervision revocation of 8 to 14 months for Grade C. The parties do not contest that this was the relevant guidelines range.

The probation officer recommended an upward variance based on Bad Heart Bull's lengthy criminal history, the fact that the violations began almost immediately after he was released from prison, and the risk he poses to the community. Bad Heart Bull, during his allocution, asked the court to take into account the hard work he was doing in counseling, the damage he suffered from sexual abuse both as a child and as a prisoner, and his struggle to stay sober and change his life. His lawyer also argued against an upward variance on these grounds, saying that the court should instead give a sentence within the guidelines range for these Grade C violations, followed by a long stint in residential drug and alcohol therapy.

The court sentenced Bad Heart Bull to 24 months of confinement and three years of supervised release, specifying that the first six months of his supervision would be served in an inpatient treatment facility. The court explained that its decision to depart upward was based on the incident involving the young girl—the "events that took place . . . as murky as they may be, raise a red flag for the Court; that to simply sentence you within the guideline range does not achieve a just sentence." R. 58.

Bad Heart Bull objects to the adequacy of the district court's explanation of his sentence and the reasonableness of the length of that sentence.

## II. Discussion

We review the procedural and substantive reasonableness of a sentence under the familiar abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We conduct this reasonableness review by "first ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *Id*. We then "consider the substantive reasonableness of the sentence imposed," taking into account "the totality of the circumstances." *Id*.

### A. *Procedural Reasonableness*

Bad Heart Bull does not contest that the district court correctly calculated the guidelines range or argue that the facts the court considered were inaccurate or inappropriate. Instead, he argues the court failed to take into account all the relevant factors under § 3553(a), erroneously focusing exclusively on community protection. He claims that factor alone does not justify a 12-month increase in his sentence above the sentencing guidelines recommendation. We disagree.

"In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements, as well as a number of the factors provided in 18 U.S.C. § 3553(a)." *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). These factors include,

> [T]he nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

*United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005). "The sentencing court, however, is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has

instructed it to consider before issuing a sentence." *Cordova*, 461 F.3d at 1189 (internal quotations and citations omitted).

At the sentencing hearing, the district court reviewed the "circumstances" of the violations in detail, explaining why they were more serious than their low classification would otherwise suggest, particularly the encounter with a ten-year-old girl. The court listened to Bad Heart Bull and his attorney present mitigating factors—the children allegedly used a racial taunt—but found that insufficient to justify Bad Heart Bull's reaction. R. 16–20, 24–34.

The district court also took into account "the history and characteristics of the defendant," discussing Bad Heart Bull's lengthy criminal history and well-documented substance abuse issues. R. 38–39. Bad Heart Bull had a long history of alcohol abuse and had spent 33 of the last 37 years in prison. R. 41.

Given the district court's evaluation of the § 3553(a) factors, Bad Heart Bull argues that the court failed "to the provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." § 3553(a)(2)(D). Bad Heart Bull contends he would be better served by more treatment and less incarceration. The court did consider this factor and recommended that Bad Heart Bull participate in a drug treatment program while in prison and a residential rehabilitation program after release. In rejecting Bad Heart Bull's request for more residential treatment, the court noted Bad Heart Bull's long history of unsuccessful treatment, particularly his decision

to rebuff an opportunity to stay in a residential treatment program after his release from prison in 2010: "There's no taunting little girl to blame for this. This—this is an opportunity you had and you messed it up." R. 24–25. In short, the court considered the possibility of long-term residential treatment, and rejected it as insufficient protection for the community and unlikely to succeed.

Finally, the court found Bad Heart Bull was a danger to the community and that a two-year sentence was necessary "to protect the public from further crimes of the defendant." § 3553(a)(2)(C).

> These violations, though they be Class C violations, send up red flares to the Court that you, in your present condition, pose a clear and present danger to the community and that a sentence within the guideline range would not likely deter you from future such conduct any more than the sentence at the minimum range authorized by law which I imposed upon you in 1998 served that purpose.

R. 57.

Given these findings, the court did not procedurally err in imposing Bad Heart Bull's sentence.

### B. Substantive Reasonableness

Bad Heart Bull also argues that his sentence, which is ten months longer than the recommended guidelines range, is substantively unreasonable.

Substantive reasonableness addresses "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th

Cir. 2008) (internal quotations omitted). "Although sentences imposed within the correctly calculated Guidelines range may be presumed reasonable on appeal, sentences imposed outside the Guidelines range may not be presumed unreasonable." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). When we review a decision "to deviate from the Guidelines, we 'consider the extent of the deviation' but give 'due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

The district court did not abuse its discretion in imposing an upward departure of 10 months. The court carefully considered Bad Heart Bull's criminal history and inability to reenter society after a lengthy prison term. He continued to abuse drugs and alcohol despite the conditions of his supervised release. The court concluded the recommended sentencing guidelines under-represented the seriousness of Bad Heart Bull's violations and the threat he posed to the community. The court provided for the treatment that Bad Heart Bull requested and needs—but also looked at the danger he presents out of prison.

In sum, the district court did not abuse its discretion by sentencing Bad Heart Bull to two years in prison for violating the terms of his supervised release.

### C. *Term of Supervised Release*

At oral argument and in a letter submitted pursuant to Federal Rule of Appellate Procedure 28(j), Bad Heart Bull claimed the district court imposed a

subsequent term of supervised release that exceeded the statutory maximum under 18 U.S.C. § 3583(h).  Under that provision, the amount of supervised release a district court can impose as part of any revocation sentence is limited to "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."  *United States v. Hernandez*, 655 F.3d 1193, 1198 (10th Cir. 2011) (quoting 18 U.S.C. § 3583(h)).

The total amount of prison time for revocation of supervised release plus the new supervised release term ordered by the court cannot exceed the maximum amount of supervised release time that the district court could have ordered for the original offense.  The classification of a felony for the purposes of calculating supervised release depends on the maximum prison sentence that may be imposed, unless otherwise specified.  18 U.S.C. § 3583(b).  A five-year term of supervised release is only authorized for Class A and Class B felonies.  *Id*.  Because Bad Heart Bull committed a Class A felony, the authorized term of supervised release is five years.

When imposing a subsequent term of supervised release under § 3583(h) after revocation, the court is limited only by the authorized term of supervised release, less any previous revocation sentences.  *United States v. Pla*, 345 F.3d 1312, 1315 (11th Cir. 2003).  It does not matter that Bad Heart Bull's original term of supervised release was only three years.  What matters is the maximum

term of supervised release *authorized* under the statute. *United States v. Palmer*, 380 F.3d 395, 397 (8th Cir. 2004). As the district judge explained to Bad Heart Bull at his revocation hearing,

> The length of the term of supervised release shall not exceed the term of supervised release authorized by statute for the original offense and then less any term of imprisonment imposed upon revocation of supervised release . . . In this case, the statutory maximum would be five years less any term of imprisonment imposed upon revocation. That would also be the guideline range.

R. 21–22.

The district judge sentenced Bad Heart Bull to two years in prison, plus three years of supervised release, adding up to the authorized total of five years. Thus, the sentence does not violate § 3583.

# III. Conclusion

Bad Heart Bull's sentence for the violation of the terms of his supervised release is procedurally and substantively reasonable. The sentence is affirmed.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge