# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1746

_____

United States of America,

*Plaintiff - Appellee*,

v.

Christopher Clayton Pfaff,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: July 12, 2022
Filed: July 25, 2022
[Unpublished]

_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Christopher Pfaff appeals after the district court[*] revoked his supervised release and sentenced him to 10 months in prison and 9 years of supervised release. His

---

[*]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the revocation sentence. Pfaff has filed a pro se brief challenging the revocation sentence and his original criminal proceeding.

We conclude that Pfaff's sentence was not unreasonable, as there was no indication that the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. *See United States v. Miller*, 557 F.3d 910, 914 (8th Cir. 2009) (standard of review); *United States v. Larison*, 432 F.3d 921, 922-23 (8th Cir. 2006); *see also United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014). The revocation sentence and term of supervised release are within the statutory maximum, *see* 18 U.S.C. § 3583(e)(3); 21 U.S.C. § 841(b)(1)(A), and the district court noted that it had considered the factors under 18 U.S.C. § 3553(a), *see United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004). There is no merit to the arguments that the revocation sentence violated the Double Jeopardy Clause, *see United States v. Bennett*, 561 F.3d 799, 802 (8th Cir. 2009), or the Eighth Amendment, *see United States v. Contreras*, 816 F.3d 502, 514 (8th Cir. 2016).

As to Pfaff's pro se argument that the 10 months in prison should count toward his original 10-year supervised release term, we note that the court was not bound by the original supervised release term in imposing a new sentence. *See* 18 U.S.C. § 3583(e)(3); *United States v. Palmer,* 380 F.3d 395, 398 (8th Cir. 2004). As to his argument that his attorney's performance in his original criminal proceeding prejudiced him, he cannot challenge his original conviction in this appeal of the revocation of his supervised release. *See Miller*, 557 F.3d at 913.

Accordingly, we grant counsel's motion to withdraw, and affirm.

_____