# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1088
_____

United States of America

*Plaintiff - Appellee*

v.

Patrick Newcomer

*Defendant - Appellant*

_____

No. 25-1089
_____

United States of America

*Plaintiff - Appellee*

v.

Patrick Newcomer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 18, 2025
Filed: January 16, 2026

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

While on supervised release for two separate federal convictions, Patrick J. Newcomer was convicted for new state crimes. The district court[1] revoked that supervised release and, as relevant, imposed 12 months of supervised release for each conviction, to run consecutively. Newcomer argues that the latest supervised release can run only concurrently. Having jurisdiction under 28 U.S.C. § 1291, this court affirms the revocation sentence.

I.

On September 12, 2019, Newcomer burglarized a Post Office, stealing packages and envelopes, causing a loss of $3,507.62, and impacting 56 victims.

On September 26, 2019, searching his residence, officers found a firearm, which he, a felon, could not possess. Newcomer was federally charged for the two separate crimes.

The district court sentenced Newcomer to 30 months in prison on each count, to be served concurrently. The court imposed two concurrent 36-month terms of supervised release, including a mandatory prohibition against committing new crimes.

Once out of prison, Newcomer did not succeed on his terms of supervised release. In 2024, he was found guilty in state court of two more counts of burglary and of possession of a firearm by a prohibited person.

_____

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

The district court revoked his supervised release. Concerned with his recidivism, it imposed 24 months' imprisonment for each of the two federal convictions, to run concurrently to each other and consecutively after the state convictions. The court imposed 12 months of supervised release for each federal conviction—to run consecutively.

Newcomer argues that terms of supervised release must run concurrently.

## II.

"In the Sentencing Reform Act of 1984, § 212(a)(2), 98 Stat. 1999, Congress eliminated most forms of parole in favor of supervised release . . . ." *Johnson v. United States*, 529 U.S. 694, 696–97 (2000). "Supervised release is a form of postconfinement monitoring that permits a defendant a kind of conditional liberty by allowing him to serve part of his sentence outside of prison, subject to conditions on his behavior." *Esteras v. United States*, 606 U.S. 185, 192 (2025) (internal quotation marks omitted), *quoting* *Mont v. United States*, 587 U.S. 514, 523 (2019). If a defendant violates the conditions of supervised release, the district court may impose "both [a term of] imprisonment and a further term of supervised release" if it does not exceed "the term authorized . . . for the offense of conviction, minus the aggregate amount of any revocation terms of imprisonment." *United States v. Palmer*, 380 F.3d 395, 398–99 (8th Cir. 2004) (en banc). *See also* *United States v. Dailey*, 113 F.4th 850, 857 (8th Cir. 2024). This court reviews de novo the legality of Newcomer's revocation sentence, a matter that turns on the interpretation of 18 U.S.C. § 3583. *See Palmer*, 380 F.3d at 396.

## III.

Newcomer argues that the consecutive terms of supervised release are unlawful under 18 U.S.C. § 3624(e).

The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole *for another offense* to which the person is subject or becomes subject during the term of supervised release. . . .

**18 U.S.C. § 3624(e)** (emphasis added).

Newcomer believes that § 3624(e) governs this case. It does not. It prohibits consecutive terms of supervised release at the *original* imposition of supervised release. *See **United States v. Johnson***, 529 U.S. 53, 58–59 (2000); ***United States v. Gullickson***, 982 F.2d 1231, 1235–36 (8th Cir. 1993). It does not govern sentencing for revocations of supervised release. *See **United States v. Cotroneo***, 89 F.3d 510, 513 (8th Cir. 1996) ("Section 3624(e) thus by its terms governs the trial court's initial imposition of terms of supervised release, not its subsequent sentencing discretion upon revocation of that supervised release.").

The supervised release imposed here, in a revocation hearing, is not "for another offense." "In the context of a revocation hearing, the 'offense' is the underlying crime of conviction, not the violation of the supervised-release conditions." *Esteras*, 606 U.S. at 193–94. *See **id**.* at 194 ("The opening provision of Title 18's sentencing chapter clearly uses 'offense' to refer to a criminal conviction."); ***Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter***, 575 U.S. 650, 658 (2015) ("The term 'offense' is most commonly used to refer to crimes."). The offenses underlying the revocation here are the two original, federal convictions. 18 U.S.C. § 3624(e) is inapplicable here.

18 U.S.C. § 3583 "governs the imposition of original terms of supervised release, revocation of supervised release, and postrevocation sentencing." ***United States v. Zoran***, 682 F.3d 1060, 1062 (8th Cir. 2012). Section 3583(e)(3) states, as relevant:

The court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . .

Section 3583(h) states:

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

"We read 18 U.S.C. §§ 3583(e)(3) and (h) to mean what they plainly say. Upon revocation, a defendant may be sentenced to both imprisonment and a further term of supervised release." *Palmer*, 380 F.3d at 398. "Under § 3583(h), the district court was empowered to impose a new term of supervised release . . . ." *Id*. at 399. Congress did not state that the terms of postrevocation supervised release must run concurrently. Instead, it limited only the total duration of the supervised release, leaving the imposition of postrevocation supervised release to the discretion of the district courts. *See* **18 U.S.C. §§ 3583(b)**, **(h)**.

This aligns with Congress's purpose: "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Johnson*, 529 U.S. at 59. Newcomer's recidivism drove the district court to impose the two consecutive terms of supervised release. At the revocation hearing, the district court stated:

My concern here is not only the serious nature of what's set forth in the state charges that you've pled guilty to now, but that it's repetitive. It's the same kind of -- same kind of things that you've been doing and -- in the past and that you've been charged with in the past and most concerning is it was while you were on supervised release from this court.

. . . .

You will serve a period of supervised release on each of these matters -- or each of these cases of 12 months. And I think that ought to be consecutive. I don't think 12 months, given what's going on here, 12 months total at the federal level is appropriate, so 12 months on each case, to be served consecutively, that supervision, and that is subject to the -- the same terms and conditions that you were under originally when your sentence was -- was given.

The district court intended the sentence to prevent further recidivism by Newcomer, better assisting his transition into his community. *See* **Esteras**, 606 U.S. at 196 ("[W]hen a defendant violates the conditions of his supervised release, it makes sense that a court must consider the *forward-looking* ends of sentencing (deterrence, incapacitation, and rehabilitation) . . . .").

The district court properly imposed the two consecutive terms of supervised release.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____